IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 24-00098-KD-N |
| | ) |
| RICHARD COLVIN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The competency hearing pursuant to 18 U.S.C. § 4247(d) for Defendant Richard Colvin was held on November 8, 2024. Defendant Colvin, his defense counsel Arthur Madden, and Assistant United States Attorney Jessica Terrill were present.

Prior to the hearing, the Court and the parties received a copy of the Forensic Psychological Report from the Federal Bureau of Prisons (doc. 30). The Report was the only evidence offered with respect to Colvin's competency to proceed to trial. The Forensic Psychologist found that "Colvin is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. He presented with a reasonable degree of factual and rational understanding of the legal proceedings and has a sufficient ability to consult with counsel should he choose." (doc. 30, p. 18).

"The Due Process Clause of the Fifth Amendment requires that a defendant be mentally competent to be tried or convicted." United States v. Harris, 741 Fed. Appx. 663, 667 (11th Cir. 2018) (citing United States v. Rodriguez, 751 F.3d 1244, 1252 (11th Cir. 2014)). Colvin shall be considered mentally competent to stand trial if found to have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S.

402, 402, 80 S. Ct. 788, 789 (1960); Adams v. Wainwright, 764 F.2d 1356, 1359-60 (11th Cir.1985), *cert. denied*, 474 U.S. 1073, 106 S. Ct. 834 (1986) (same); Harris, 741 Fed. Appx. at 667 (quoting Rodriguez, 751 F.3d at 1252) ("The standard of competence is 'whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding,' and whether the defendant has a rational and factual understanding of the criminal proceedings."); United States v. Evans, 332 Fed. Appx. 561, 562 (11th Cir. 2009) ("For a defendant to be competent ..., he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] ha[ve] a rational as well as factual understanding of the proceedings against him.'") (quoting United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam)). See also Godinez v. Moran, 509 U.S. 389, 401 n.12, 113 S. Ct. 2680, 2687 (U.S. 1993) ("the question is whether [the defendant] has the ability to understand the proceedings.");

Upon consideration of all matters presented, including the opinion of the Forensic Psychologist, and the parties' respective positions as set forth at the hearing, the Court finds by a preponderance of the evidence that Colvin is not "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" 18 U.S.C. § 4241(d). Therefore, Colvin is competent to proceed to trial.

This action is referred to the Magistrate Judge to schedule a pretrial conference and trial.

DONE and ORDERED this the 8th day of November 2024.

                                              s / Kristi K. DuBose
                                              KRISTI K. DuBOSE
                                              UNITED STATES DISTRICT JUDGE